**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TERRY L. OTTER**                                                                  **PLAINTIFF**
**ADC #97148**

**V.**                  **CASE NO.: 5:10CV00166 JMM/BD**

**SHERI FLYNN, et al.**                                                  **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Introduction:**

On June 1, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his original Complaint in this action under 42 U.S.C. § 1983 (docket entry #2). Because the Complaint was deficient, Plaintiff was instructed to file an Amended Complaint. (#3) On June 16, 2010, Plaintiff filed his Amended Complaint. (#5)

Based upon Plaintiff's allegations, the Court recommends that Plaintiff's Complaint be dismissed in its entirety.

**III.    Discussion:**

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still

must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, in both his original and Amended Complaints, Plaintiff claims that Defendant Flynn and the sex offender assessment committee "illegally screened" him resulting in "further sanctions, restriction, and unlawful punishment." He alleges that, because of his 1991 plea agreement, Defendant Flynn lacks the authority to continue to "screen or assess" him. Plaintiff claims that such conduct violates the ex post facto clause of the Constitution.

Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983. The ex post facto clause prohibits a state from passing any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Munger v. Erickson*, 979 F.2d 1323, 1325 (8th Cir. 1992). To violate the ex post facto clause, a law must impose "a greater punishment than the law in effect on the date of the offense." *Id*. A law does not impose ex post facto penalties unless it was enacted for a punitive purpose. *Peeler v. Heckler*, 781 F.2d 649, 651 (8th Cir. 1986).

The purpose of the protection against ex post facto application of laws is to ensure "that legislative Acts give fair warning of their effect and also restrain arbitrary and potentially vindictive legislation." *Burnside v. White*, 760 F.2d 217, 220 (8th Cir. 1985) (quoting *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S.Ct. 960, 963-964 (1981) (internal quotation omitted)). "The constitutional prohibition against ex post facto laws was

designed to secure substantial personal rights against arbitrary and oppressive legislative action, and not to obstruct mere alteration in conditions deemed necessary for the orderly infliction of humane punishment." *Glynn v. Auger*, 678 F.2d 760 (8th Cir.1982) (quoting *Malloy v. South Carolina*, 237 U.S. 180, 183, 35 S.Ct. 507, 508 (1915)). Accordingly, a change in Plaintiff's condition of confinement may not fall "within the ambit of the ex post facto clause." *Glynn*, 678 F.2d at 761.

Here, Plaintiff alleges that he entered a negotiated plea agreement to the charges of rape and kidnaping on August 16, 1991. After Plaintiff entered his guilty plea, the Arkansas Legislature enacted the Sex Offender Registration Act (the "Act"), ARK. CODE ANN. § 12-12-901 *et seq.*, requiring sex offenders to be screened and assessed. Plaintiff states that this law applies only to those individuals convicted after 1997.

While the Court agrees that the Act applies only to those convicted after 1997, ARK. CODE ANN. § 12-12-905 (a)(1), Plaintiff has failed to state what "greater punishment" he has been forced to endure as a result of the Act. Although Plaintiff states that the Committee has "illegally screened" him and "has already set in place severe sanctions, restrictions, loss of libertys [sic], loss of freedoms, and publications," Plaintiff fails to identify any specific change in his conditions. Further, Plaintiff has failed to allege that the "illegal screening" that he claims to have endured was punitive in nature.

Because Plaintiff has failed to allege that he has endured any "greater punishment" as a result of the Act, his claim fails.[1]

**IV.    Conclusion:**

The Court recommends that Plaintiff's claims be dismissed without prejudice, this 12th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In his Amended Complaint, Plaintiff states that other inmates convicted of the same charges that he was have been treated differently from Plaintiff. To the extent that Plaintiff claims that Defendants have violated his equal protection rights, this claim also fails. An inmate bringing an equal protection claim must show intentional or purposeful discrimination. *Klinger v. Dept. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.3d 1093, 1103 (8th Cir.1990)); *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999). Here, Plaintiff failed to provide any facts to support such a claim. Plaintiff's conclusory allegations are insufficient.